IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRE SOLUTIONS, INC., a Georgia corporation, <br><br> Plaintiff, <br><br> v. <br><br> BLACKHAWK NETWORK, INC., formerly known as and doing business as BLACKHAWK MARKETING SERVICES, INC., an Arizona corporation; and SAFEWAY, INC., a Delaware corporation, <br><br> Defendants. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### NATURE OF THE CASE

1. In this action, Plaintiff, PRE Solutions, Inc. ("PRE") seeks monetary relief against Defendants Blackhawk Network, Inc. (formerly known as and doing business as Blackhawk Marketing Services, Inc., hereinafter referred to as "Blackhawk") and Safeway, Inc. ("Safeway") (collectively referred to as "defendants") for breaches of an agreement entitled "Master Pre-Paid Distribution and Service Agreement" entered into on or about May 18, 2004 (the "Agreement") and breaches of the implied covenant of good faith and fair dealing inherent therein. PRE also alleges claims for alter ego and open book account against defendants.

### PARTIES

2. PRE is a corporation duly organized and in good standing under the laws of the State of Georgia with its principal place of business at 250 Williams

Street, Suite M-100, Atlanta, Georgia 30303. PRE produces, markets, processes, promotes and/or sells various prepaid telecommunications products and services.

3. Blackhawk is an Arizona corporation with its principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588-3229. Blackhawk, its affiliates and certain of their third party grocery retail independent contractors, own and/or operate retail outlets and stores. Upon information and belief, Blackhawk is a wholly owned subsidiary of Safeway and takes its direction from Safeway management.

4. Safeway is a Delaware corporation also with its principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588-3229. PRE is informed and believes that Safeway is the parent company of Blackhawk and owns 100% of Blackhawk capital stock. PRE is further informed and believes that Safeway and Blackhawk share the same corporate office, share certain directors, officers and employees, commingle funds and assets, and that Safeway regularly pays the contractual debts of Blackhawk, including making payments on the Agreement that is the subject of this Complaint.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff PRE is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. Defendant Blackhawk is a corporation organized and existing under the laws of the State of Arizona with its principal place of business in Pleasanton, California. Defendant Safeway is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Pleasanton, California. Thus, there is complete diversity of

citizenship between plaintiff and defendants in this action. As is more fully shown below, more than $75,000, exclusive of interests and costs, is in dispute in this action.

6. Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. §1391(a) and because the Agreement provides that any suit or action arising out of the Agreement shall be brought in the United States District Court for the District of Delaware. The Agreement also specifies that any dispute brought pursuant to the Agreement shall be governed by the laws of the State of California.

## COMMON FACTUAL ALLEGATIONS

### The Master Pre-Paid Distribution and Service Agreement

7. On or about May 18, 2004, PRE entered into the Agreement with Blackhawk, whereby PRE was to provide prepaid wireless purchase products and services to Blackhawk for resale at Blackhawk's stores and the stores of its affiliates, including Safeway.

8. The Initial Term of the Agreement was three years, commencing on May 18, 2004 ("the Effective Date"). Blackhawk had the right to terminate the Agreement upon at least 90 days written notice before the anniversary of the Effective Date, even if this termination was before the Initial Term had expired.

9. Blackhawk agreed to remit payment to PRE no later than seven (7), fifteen (15) or thirty (30) days after the date of sale, depending on the details of the underlying sales transaction. This timely payment was required regardless of whether Blackhawk actually collected payment from any of its participating stores for sales of

PRE's wireless products. Blackhawk's payment obligations survive the termination or expiration of the Agreement without limitation.

### Blackhawk Terminates The Agreement

10. Beginning in November of 2005, InComm Holdings, Inc. ("InComm"), a competitor of Blackhawk and Safeway, began to negotiate with PRE's parent company, PRE Holdings, Inc., to acquire PRE Holdings and all of its subsidiary corporations, including Plaintiff PRE.

11. On February 14, 2006, after learning of its competitor InComm's intent to acquire PRE Holdings, Blackhawk informed PRE in writing that it would be terminating the Agreement effective on May 18, 2006, one year shy of the full Initial Term.

12. PRE is informed and believes that Blackhawk terminated the Agreement in an effort to interfere with the planned acquisition of PRE by InComm. Notwithstanding Blackhawk's efforts, InComm signed a definitive agreement to acquire PRE Holdings on March 13, 2006, and the transaction closed on April 30, 2006.

13. Following the notice of termination by Blackhawk, PRE attempted to negotiate an amended agreement with Blackhawk. These negotiations were ultimately unsuccessful. Because the parties could not arrive at an agreeable amendment, PRE confirmed Blackhawk's cancellation in writing on May 4, 2006. In its May 4, 2006 letter, PRE indicated that Blackhawk was still obligated to pay for all products sold to Blackhawk in accordance with the terms of the Agreement, and PRE set forth a demand for such payments.

### Blackhawk Breaches The Agreement

14. After the termination of the Agreement was confirmed, Blackhawk failed repeatedly, without any justification, to pay amounts owed to PRE under the terms of the Agreement.

15. PRE informed Blackhawk of its payment delinquencies in a letter dated May 17, 2006 and made a specific demand for payment therefor in a total amount greater than $2 million.

16. Despite PRE's attempts, in compliance with the terms of the Agreement, to resolve Blackhawk's failure to pay, and despite PRE's demands for payment, Blackhawk has failed and refused to pay the amounts due and owing under the Agreement. PRE has therefore been damaged as a result of defendants' failure to fulfill the terms of the Agreement.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract Against Blackhawk and Safeway)

17. PRE incorporates by reference each and every allegation contained in paragraphs 1 through 16 above.

18. As stated above, PRE and Blackhawk entered into the Agreement on May 18, 2004.

19. PRE has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement.

20. On or about May 17, 2006, PRE demanded that Blackhawk pay outstanding amounts that were due and owing under the Agreement. Despite this request,

Blackhawk has refused to pay the outstanding amounts, and such amounts therefore presently remain due and owing to PRE.

21. Defendants have materially breached the Agreement by failing to pay the aforementioned amounts.

22. As a direct and proximate result of defendants' material breaches of contract, PRE has suffered injury including, but not limited to, damages amounting to more than $2 million, the full amount of which shall be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Blackhawk and Safeway)

23. PRE incorporates by reference each and every allegation contained in paragraphs 1 through 22 above.

24. Inherent in every contract is an implied covenant of good faith and fair dealing that provides that each party to the contract will govern itself in good faith in its performance of the contractual obligations and will not take any act intended to frustrate the agreed common purpose of the contract.

25. On information and belief, defendants have violated the implied covenant of good faith and fair dealing by terminating the Agreement in bad faith in an effort to thwart the acquisition of PRE Holdings by InComm, defendants' competitor.

26. Through such actions, defendants have unfairly deprived PRE of the benefits of the contract to which it was entitled.

27. As a result of such intentional and unfair actions taken by defendants in violation of the covenant of good faith and fair dealing, PRE has suffered damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Alter Ego Against Blackhawk and Safeway)

28. PRE incorporates by reference each and every allegation contained in paragraphs 1 through 27 above.

29. Upon information and belief, PRE alleges that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Blackhawk and Safeway, such that any individuality and separateness between these two defendants have ceased, and Blackhawk is the alter ego of Safeway.

30. Upon further information and belief, PRE alleges that Safeway dominates and controls the actions of Blackhawk to such an extent that Blackhawk is a mere instrumentality of Safeway. PRE is further informed and believes, and therefore alleges, that Blackhawk is a mere shell or front used by Safeway, as a conduit and pure agent for the conduct of Safeway's business, property and affairs.

31. Adherence to the fiction of the separate existence of Blackhawk as an entity distinct from Safeway would permit an abuse of the corporate privilege and would promote injustice, as Safeway would be permitted to escape liability for the breaches of contract that, on information and belief, it caused and directed Blackhawk to commit. Under such circumstances, the corporate veil between Safeway and Blackhawk should be pierced.

## FOURTH CLAIM FOR RELIEF

### (Open Book Account Against Blackhawk and Safeway)

32. PRE incorporates by reference each and every allegation contained in paragraphs 1 through 31 above.

33. Defendants Blackhawk and Safeway became indebted to PRE on an open book account for money due in excess of $2 million for services performed and products supplied by PRE under the terms of the Agreement.

34. Neither the whole nor any part of the above sum has been paid, although a demand therefore has been made, and there is now due, owing and unpaid a sum in excess of $2 million, not including interest.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants for the following relief:

1. Compensatory damages in an amount greater than $2 million, the precise amount to be determined at trial;

2. A finding that Blackhawk is the alter ego of Safeway;

3. Reasonable attorneys' fees and costs of this action pursuant to the Agreement;

4. Pre- and post-judgment interest on damages; and

5. All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a jury trial.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Michael L. Turrill
Michael I. Resch
HOWREY LLP
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1804 – Telephone
(213) 892-2300 – Facsimile

Dated: May 3, 2007

792910v1 / 31061

By _____
Richard L. Horwitz (Del. Bar 2246)
Jennifer Gimler Brady (Del. Bar. 2874)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
rhorwitz@potteranderson.com
jbrady@potteranderson.com

*Attorneys for Plaintiff Pre Solutions, Inc.*

9

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

PRE SOLUTIONS, INC., a Georgia corporation

**DEFENDANTS**

BLACKHAWK NETWORK, INC., formerly known as and doing business as BLACKHAWK MARKETING SERVICES, INC., an Arizona corporation; and SAFEWAY, INC, a Delaware corporation

(b) County of Residence of First Listed Plaintiff  Fulton
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Richard L. Horwitz, Esquire (Del. Bar 2246)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, Delaware 19801

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332; Breach of Contract

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In excess of $2 million

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE: 05/03/2007

SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-241

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.

MAY 0 3 2007

_____    _____Ben Lougheed_____
(Date forms issued)                   (Signature of Party or their Representative)

                                   _____Ben Lu_____
                                   (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action