IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRE SOLUTIONS, INC., a Georgia corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-241 (***) |
| BLACKHAWK NETWORK, INC., formerly known as and doing business as BLACKHAWK MARKETING SERVICES, INC., an Arizona corporation; and SAFEWAY INC., a Delaware corporation, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

**ANSWER TO COMPLAINT
BY DEFENDANT SAFEWAY INC.**

Defendant, SAFEWAY INC. (hereinafter sometimes referred to as "Safeway" or "Defendant") answers the complaint herein of PRE SOLUTIONS, INC. (hereinafter sometimes referred to as "PRE" or "Plaintiff") for (1) Breach of Contract, (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, (3) Alter Ego liability, and (4) Open Book Account, as follows:

1.    Defendant admits that the Complaint purports to be an action against Blackhawk Network, Inc. ("Blackhawk") and Safeway for purported breach of an agreement entitled "Master Pre-Paid Distribution and Services Agreement" entered into on or about May 18, 2004 (the "Agreement") and purported breach of the implied covenant of good faith and fair dealing. Defendant further admits that the Complaint purports to allege claims for alter ego and open book account against Blackhawk and

Safeway. Defendant further admits that Blackhawk was formerly known as and doing business as Blackhawk Marketing Services, Inc.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and, on that basis, denies the allegations.

3.      Defendant denies that Blackhawk's principal place of business is at 5918 Stoneridge Mall Road, Pleasanton, California 94588, but admits that Blackhawk is an Arizona corporation with its principal place of business at 6220 Stoneridge Mall Road, Pleasanton, California 94588. Defendant further denies that Blackhawk, its affiliates and certain of their third party grocery retail independent contractors, own and/or operate retail outlets and stores, but admits that Defendant Safeway owns retail stores. Defendant further admits that Blackhawk is a majority-owned subsidiary of Safeway. Defendant denies the remaining allegations of Paragraph 3.

4.      Defendant admits that Safeway is a Delaware corporation with its principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588-3229. Defendant further admits that Safeway is the parent company of Blackhawk. Defendant denies the remaining allegations of Paragraph 4.

5.      Defendant admits that subject matter jurisdiction is founded on 28 U.S.C. § 1332. Defendant further admits that Blackhawk is a corporation organized and existing under the laws of the State of Arizona with its principal place of business in Pleasanton, California. Defendant further admits that Safeway is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Pleasanton, California. Defendant further admits that there is complete diversity of

citizenship between plaintiff and defendants in this action. Defendant further admits that more than $75,000, exclusive of interests and costs, is in dispute in this action. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 and, on that basis, denies the allegations.

6.     Defendant admits that venue is founded on 28 U.S.C. § 1391(a) and the venue provisions of the Agreement. Defendant further admits that the Agreement also specifies that any dispute brought pursuant to the Agreement shall be governed by the laws of the State of California. Defendant further admits that the Agreement provides that "[t]he parties irrevocably and unconditionally submit to the exclusive jurisdiction of the courts of the State of Delaware located in the United States District Court for the District of Delaware for the purposes of any suit, action, or other proceeding arising out of this Agreement."

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and, on that basis, denies the allegations.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and, on that basis, denies the allegations.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, on that basis, denies the allegations.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, on that basis, denies the allegations.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, on that basis, denies the allegations.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and, on that basis, denies the allegations.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, on that basis, denies the allegations.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and, on that basis, denies the allegations.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and, on that basis, denies the allegations.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, on that basis, denies the allegations.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract Against Blackhawk and Safeway)

17.    Answering Paragraph 17, Defendant incorporates its answers to paragraphs 1 through 16 above.

18.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, on that basis, denies the allegations.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and, on that basis, denies the allegations.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and, on that basis, denies the allegations.

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and, on that basis, denies the allegations.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and, on that basis, denies the allegations.

## SECOND CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealirng Against Blackhawk and Safeway)

23.    Answering Paragraph 23, Defendant incorporates its answers to paragraphs 1 through 22 above.

24.    Paragraph 24 contains legal conclusions, which Defendant is not required to admit or deny.  On that basis, Defendant denies the allegations of Paragraph 24.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and, on that basis, denies the allegations.

26.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and, on that basis, denies the allegations.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and, on that basis, denies the allegations.

### THIRD CLAIM FOR RELIEF
#### (Alter Ego Against Blackhawk and Safeway)

28.    Answering Paragraph 28, Defendant incorporates its answers to paragraphs 1 through 27 above.

29.    Defendant denies the allegations of Paragraph 29.

30.    Defendant denies the allegations of Paragraph 30.

31.    Defendant denies the allegations of Paragraph 31.

### FOURTH CLAIM FOR RELIEF
#### (Open Book Account Against Blackhawk and Safeway)

32.    Answering Paragraph 32, Defendant incorporates its answers to paragraphs 1 through 31 above.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and, on that basis, denies the allegations.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, on that basis, denies the allegations.

## PRAYER FOR RELIEF

Defendant denies the allegations in Plaintiff's prayer for relief and denies that Plaintiff was damaged in any sum, or at all, as a result of any act or omission by Defendant.

## FIRST DEFENSE

1.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2.    The Complaint is barred by the doctrine of Undue Delay.

## THIRD DEFENSE

3.    Defendant's acts or omissions did not proximately cause or contribute to any of Plaintiff's alleged damages.

## FOURTH DEFENSE

4.    Plaintiff's recovery is barred or limited to the extent that it failed to take reasonable and necessary steps to mitigate its damages.

## FIFTH DEFENSE

5.　　Plaintiff is barred from any recovery because any damages it may have suffered are remote and speculative.

## SIXTH DEFENSE

6.　　Punitive damages are not recoverable under any of the causes of action or allegations of Plaintiff's Complaint.

## SEVENTH DEFENSE

7.　　The claims in Plaintiff's Complaint are barred by the doctrine of justification in that the conduct complained of was reasonably justified to protect Defendant's interests against Plaintiff's actions.

## EIGHTH DEFENSE

8.　　The Complaint is barred by the doctrines of Waiver, Estoppel and/or Detrimental Reliance.

## NINTH DEFENSE

9.　　Defendant is entitled to offset amounts owed to it by Plaintiff under the Agreement and/or related agreements between the parties against any amounts that Plaintiff may recover in this action.

## TENTH DEFENSE

10.　　Defendant presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available. As such, Defendant hereby reserves the right to assert additional affirmative defenses in the event discovery reveals facts which render them appropriate.

WHEREFORE, Defendant prays that the Court enters an Order granting judgment in favor of Defendant and against Plaintiff, awarding Defendant its costs and granting such other and further relief as the Court determines be just and proper under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

John P. Phillips
Jason K. Sonoda
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
(415) 856-7000

S. Mark Hurd (#3297)
John P. DiTomo (#4850)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
 *Attorneys for Defendant*

June 25, 2007

870612.1

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rule of Civil Procedure, Defendant Safeway

Inc. hereby requests a jury trial.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
S. Mark Hurd (#3297)

OF COUNSEL:

John P. Phillips
Jason K. Sonoda
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA  94105-3441
(415) 856-7000

June 25, 2007

John P. DiTomo (#4850)
1201 N. Market Street
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2007, I caused the forgoing Answer to Complaint by Defendant Safeway, Inc. to be electronically filed with the Clerk of the Court using the CM/ECF which will send electronic notification of such filing to the following:

> Richard L. Horwitz, Esquire
> Jennifer Gimler Brady, Esquire
> Potter, Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

S. Mark Hurd (#3297)

870612.1