IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRE SOLUTIONS, INC., a Georgia corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-241 (***) |
| BLACKHAWK NETWORK, INC., formerly known as and doing business as BLACKHAWK MARKETING SERVICES, INC., an Arizona corporation; and SAFEWAY INC., a Delaware corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**STIPULATION FOR PROTECTIVE ORDER
RE CONFIDENTIAL INFORMATION AND
RELATED MATTERS; [PROPOSED] PROTECTIVE ORDER**

In connection with the production of confidential documents and other confidential information in this action, Plaintiff Pre Solutions, Inc. and Defendants Blackhawk Network, Inc., formerly known as and doing business as Blackhawk Marketing Services, Inc., and Safeway, Inc. ("Defendants"), through their respective counsel, hereby enter into this Stipulation for Protective Order Re Confidential Information and Related Matters (the "Protective Order").

I.

PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to prevent the public disclosure of information that is claimed by any party to be confidential. Any unauthorized disclosure of "Confidential" or "Highly Confidential" Information as defined herein in violation of this Order shall be subject to discipline by the contempt powers of this Court.

II.

## DEFINITION OF CONFIDENTIAL INFORMATION

The term "Confidential Information" includes all documents, testimony and information properly designated as "Confidential" or "Highly Confidential" pursuant to section III below. "Confidential Information" includes, without limitation, documents, testimony and information given or produced in this action by any party or by any non-party, written discovery responses given by any party and the information referenced or contained therein, expert reports prepared on behalf of any party and the information referenced or contained therein, and things and information produced in this action by any party or non-party.

III.

## DESIGNATION OF CONFIDENTIAL INFORMATION

Any party or non-party to this action may designate, subject to the terms of this Agreement, any documents, responses, testimony or information that are produced in this Action as "Confidential" or "Highly Confidential" in accordance with the provisions of this paragraph. The parties and any non-party shall limit, to whatever extent possible, designating information as "Confidential" or "Highly Confidential."

    A.    <u>Criteria For Classification</u>

        1.    "Confidential Information" includes, without limitation, (a) proprietary technical information and specifications, (b) trade secrets, (c) confidential know-how, (d) proprietary business and financial information; and/or (e) any other information the disclosure of which is likely to cause harm to the competitive position of the person, partnership, corporation or other organization that is designating such information.

        2.    "Highly Confidential Information" includes Confidential Information of any party or other person, partnership, corporation or other organization that is deemed by such person, partnership, corporation or other organization to be of an extremely sensitive nature and that would cause significant competitive harm if disclosed. The parties will endeavor to

designate only the most sensitive information as "Highly Confidential" and will keep such designations as limited as reasonably possible.

B.  Time Of Designation

Unless otherwise agreed to by the parties or by their respective counsel, the designation of "Confidential" or "Highly Confidential" Information shall be made at the following times:

1. For documents or things, at the time of the production of the documents or things;

2. For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

3. For testimony, at the time that such testimony is given by a statement designating the testimony as "Confidential" or "Highly Confidential" made on the record. Within thirty (30) days after review of the transcript, any party may further designate appropriate portions of the testimony as "Confidential" or "Highly Confidential."

4. Notwithstanding the provisions of paragraph III(B)(l), a party is not required to designate a document or thing as containing "Confidential" or "Highly Confidential" information prior to producing the document or thing to the receiving party for inspection, but may so mark or designate the document or thing subsequent to the inspection, and prior to providing the receiving party with a copy of any requested document or thing. Documents and things produced for inspection and containing "Confidential" or "Highly Confidential" Information shall be inspected only by persons entitled to receive "Confidential" or "Highly Confidential" Information pursuant to paragraph IV(A) and paragraph IV(B), respectively, hereof. Between the time of inspection and the time of receipt of a copy of any requested document or thing containing "Confidential" or "Highly Confidential" Information, such information contained therein shall not be disclosed or used, except in accordance with the provisions of this Protective Order, unless otherwise permitted or required by the Court.

To the extent a party or non-party does not timely designate documents, testimony or information as "Confidential" or "Highly Confidential," such party or non-party may so designate documents, testimony or information as provided under paragraph (D), below.

C.  Manner of Designation

The designation of "Confidential" or "Highly Confidential" Information shall be made in the following manner:

1. For documents, by placing the notation "Confidential" or "Highly Confidential" on each page of such document;

2. For tangible items, by placing the notation "Confidential" or "Highly Confidential" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

3. For declarations, written discovery responses, court filings or pleadings, by placing the notation "Confidential" or "Highly Confidential" on the face of such document; and

4. For testimony, by orally designating such testimony as being "Confidential" or "Highly Confidential" at the time the testimony is given. Thereafter, the original and all copies of the "Confidential" or "Highly Confidential" portions of the transcript of any such testimony shall be separately bound and marked by the Court Reporter with the legend "CONFIDENTIAL" (or "HIGHLY CONFIDENTIAL") INFORMATION SUBJECT TO PROTECTIVE ORDER." Such transcript and testimony shall be disclosed and used only in accordance with the provisions of this Protective Order. At the request of Counsel for the designating party supplying the "Confidential" or "Highly Confidential" Information, only persons entitled under paragraph IV hereinafter as to "Confidential" or "Highly Confidential" Information shall be permitted to attend that portion of a deposition or hearing wherever or whenever any such "Confidential" or "Highly Confidential" Information of such designating party is used or elicited from the deponent or witness.

D. <u>Subsequent Designation</u>

Failure to designate and/or mark any document, testimony or information as "Confidential" or "Highly Confidential" shall not preclude the designating party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents, testimony, or information so designated. Such designation and request shall be made in writing. After such designation, such documents, testimony, or information shall be fully subject to this Protective Order, subject to paragraph E herein. The receiving party and its counsel, however, shall incur no liability for disclosures made prior to notice of such designations.

E. <u>Resolution of Disputes Regarding Designation</u>

If a receiving party, at any time, wishes to have the "Confidential" or "Highly Confidential" designation of any particular information removed or changed, that party shall first request in writing that the designating party or non-party remove its designation and state the reason therefor. Thereafter, the party challenging the designation and the designating party or non-party shall make good faith efforts to resolve the dispute. If the party or non-party designating the information refuses to agree to remove or change the designation, then the party challenging the designation may move the Court for relief pursuant to the procedures set forth in the Court's Scheduling Order pertaining to discovery disputes; provided, however, that the designating party shall have the burden of proving that such particular documents, testimony or information is properly designated as "Confidential" or "Highly Confidential" pursuant to Paragraph III. If such motion is made, the parties shall treat the information as originally designated until the motion is decided by the Court.

IV.

PERSONS TO WHOM CONFIDENTIAL INFORMATION MAY BE DISCLOSED

A. <u>Disclosure Of Information Designated As "Confidential"</u>

1. Confidential Information designated by a party as "Confidential" may be disclosed and copies may be provided by the receiving party only to:

The attorneys of record in this action:

For Plaintiff:

POTTER ANDERSON & CORROON LLP
Richard L. Horwitz (Del. Bar 2246)
Jennifer Gimler Brady (Del. Bar 2874)
Hercules Plaza, Sixth Floor
1313 North Market Street
P. O. Box 951
Wilmington, Delaware 19899-0951

HOWREY LLP
Michael L. Turrill
Michael L. Resch
550 South Hope Street
Suite 1100
Los Angeles, California 90071

For Defendants:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
S. Mark Hurd (Del. Bar 3297)
John P. DiTomo (Del. Bar 4850)
1201 North Market Street
Wilmington, Delaware 19899-1347

PAUL, HASTINGS, JANOFSKY & WALKER LLP
John P. Phillips
Jason K. Sonoda
55 Second Street
Twenty-Fourth Floor
San Francisco, California 94105-3441

and all other attorneys employed by these law firms who are directly involved in the conduct of this litigation, and necessary clerical and support staff employed by the foregoing law firms;

2.  Any non-party support services including, but not limited to, outside copying services, and document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

3.  Expert witnesses or consultants retained by the receiving party or their respective attorneys in connection with this action who have complied with paragraph IV(C), below, and the employees of such experts or consultants who are assisting them;

6

    4.  The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court;

    5.  In-house counsel for the receiving party, and such counsel's support and clerical staff;

    6.  Designated representatives of the receiving party and the necessary support and clerical staff of such designated party representatives who agree to be bound by the terms of this Protective Order and have complied with ¶IV(C) below.

  B.  <u>Disclosure Of Information Designated As "Highly Confidential"</u>

    Information designated as "Highly Confidential" may be disclosed and copies may be provided by the receiving party only to those persons described in paragraph IV(A)(1), (2), (3), and (4) above, and to designated in-house counsel pursuant to paragraph IV(A)(5), numbering no more than two for each party, provided that such persons (other than the Court and its staff identified in paragraph IV(A)(4)) shall keep any material designated as "Highly Confidential" in a secure depository (or functional equivalent) to which only such in-house representatives and their support and clerical staff have access.

  C.  <u>Undertaking Required By Party Receiving "Confidential" Or "Highly Confidential" Information</u>

    1.  Any recipient of another party's information subject to this Protective Order identified in paragraphs IV(A)(3) and IV(A)(6) shall be furnished with a copy of this Protective Order. Any such recipient of another party's information subject to this Protective Order shall agree to be bound thereby by executing an undertaking, in the form attached hereto as Exhibit "A", certifying that the recipient is familiar with the terms of this Protective Order and agrees to be bound by its terms. Said signed undertaking shall be retained by the receiving parties' counsel of record until termination of this litigation, or until such copy is requested by the designating party for use in an investigation of a violation of this Protective Order.

7

D.  Additional Authorized Disclosure Of Information Designated as "Confidential" Or "Highly Confidential"

1.  Notwithstanding anything to the contrary in paragraph IV(A) above, particular information that has been designated as "Confidential" or "Highly Confidential" may be disclosed and copies may be provided:

(a)  To persons who are explicitly named on the document as the authors or recipients;

(b)  To any other persons with the prior written consent of the party or non-party that designated such particular documents, testimony or information as "Confidential" or "Highly Confidential"; and

(c)  To any other persons with the prior authorization of the Court. If a document designated as "Confidential" or "Highly Confidential" refers to the conduct or affairs of a potential witness, the parties' counsel of record may discuss such conduct or affairs with such person without revealing that such document exists, its authors or its source.

V.

USE OF CONFIDENTIAL INFORMATION

A.  "Confidential" or "Highly Confidential" Information shall be used by the receiving parties, their respective agents, and any other persons to whom such documents, testimony and information may be disclosed pursuant to the Protective Order, for no purpose other than (a) in this action; or (b) as otherwise compelled by lawful process (provided the other party is given a reasonable notice to object); or (c) as otherwise required by law (provided the other party is given a reasonable notice to object). Notwithstanding the foregoing, nothing in this Protective Order shall prevent or limit the ability of either party to disclose "Confidential" or "Highly Confidential" Information so designated by such party to any person.

B.  The Clerk of this Court shall maintain under seal any document, testimony or information subject to this Protective Order, which is submitted to the Court. The Clerk shall

8

make such documents, testimony or information available only to the Court and to trial counsel for the parties in these proceedings, unless release is ordered by this Court, or the designating party's counsel in writing to the release of such documents, testimony or information.

        C.      Notwithstanding the parties' designation of "Confidential" or "Highly Confidential" Information, any Court hearing that refers to or describes "Confidential" or "Highly Confidential" Information may be held in open court with records unsealed unless any party requests or the Court orders that the proceedings be conducted *in camera* out of the presence of any unqualified persons, and any transcript relating thereto be designated as "Confidential" or "Highly Confidential" and prepared in accordance with the provisions of paragraph III, above.

        D.      In the event that a party wishes to use any "Confidential" or "Highly Confidential" Information of the other party in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such paper containing "Confidential" or "Highly Confidential" Information shall be enclosed and filed in a sealed envelope or container identifying the enclosed document and bearing the caption of this case and a notice substantially as follows:

> CONFIDENTIAL (OR HIGHLY CONFIDENTIAL)
> SUBJECT TO PROTECTIVE ORDER
>
> This envelope or container holds information of (name of party) filed under seal pursuant to a protective order and is not to be opened except by direction of the Court or by written consent of (name of party).

Such "Confidential" or "Highly Confidential" Information shall be maintained under seal by the Court in accordance with the provisions of paragraph V(B) above.

        E.      The parties shall provide each other with a list of "Confidential" or "Highly Confidential" Information to be used at trial at such time as the first exhibits are to be exchanged among the parties, but in no event later than twenty days in advance of the trial. Any

such "Confidential" or "Highly Confidential" Information which is designated by any party to be introduced at trial may be offered into evidence in open court, unless the opposing party obtains an appropriate protective order from the Court.

        F.     Nothing in this Protective Order shall affect the admissibility into evidence of "Confidential" or "Highly Confidential" Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of "Confidential" or "Highly Confidential" Information. Agreement to this Protective Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of "Confidential" or "Highly Confidential" Information, or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information.

        G.     In the event that any person in receipt of "Confidential" or "Highly Confidential" Information shall receive a written request, subpoena, or Court Order seeking disclosure of another party's "Confidential" or "Highly Confidential" Information, such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party of the request, subpoena, or Court Order, and shall provide counsel for the designating party with a copy of the same.

        H.     <u>Other Proceedings</u>. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

VI.

## INFORMATION EXCLUDED FROM PROTECTIVE ORDER

The obligations relating to any information subject to this Protective Order shall not apply to any information designated as being subject to this Protective Order which (a) was lawfully in the receiving party's possession prior to the receipt from the supplying party, (b) became public knowledge by means not in violation of the provisions of this Protective Order, (c) was, or is hereafter, obtained from a source or sources not under an obligation of secrecy to the other party or parties, (d) is discovered independently by the receiving party or (e) is exempted from the provisions of this Protective Order by written consent of the party producing such "Confidential" or "Highly Confidential" Information.

VII.

## RETURN OF CONFIDENTIAL INFORMATION

Within sixty (60) days after final termination of this litigation, each receiving party or other individual subject to this Protective Order shall be under an obligation to assemble and return to the designating party, or to destroy, should the designating party so permit, any information subject to this Protective Order and all copies thereof, except for any copy containing notes of trial counsel. Notice of the return or destruction of any such document, testimony or information shall be made in writing, and notice of receipt thereof shall be acknowledged in writing. Final termination of this litigation is defined as the date on which all appeals have been exhausted, or, upon which the case is settled by the parties. Notwithstanding the foregoing provisions of this paragraph, trial counsel shall be entitled to retain all memoranda or reports prepared by them or any expert witness or consultant which contain "Confidential" or "Highly Confidential" Information, and litigation documents containing Confidential or "Highly Confidential" Information which become part of the record of this action, including pleadings, briefs, and exhibits. But such litigation documents shall be used only for the purpose of preserving a record of the action, and shall not, without the written permission of the opposing party or an order of this Court, be disclosed to anyone other than those to whom such

11

information was actually disclosed, in accordance with this Protective Order, during the course of this action.

## VIII.

## SURVIVAL

All obligations and duties arising under this Protective Order shall survive the termination of this action. The Court retains jurisdiction over the parties hereto indefinitely with respect to any dispute regarding the improper use of "Confidential" or "Highly Confidential" Information disclosed under protection of this Protective Order.

## IX.

## NO IMPLIED WAIVER OR ADMISSION

No party shall be obligated to challenge the propriety of any designation of "Confidential" or "Highly Confidential" Information by another party or non-party, and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation. Moreover, this Protective Order augments and does not supersede any written non-disclosure agreement, confidentiality agreement, or confidentiality provision existing between the parties.

DATED:   September 5, 2007

POTTER ANDERSON & CORROON LLP

By /s/ Jennifer Gimler Brady
   Richard L. Horwitz (Del. Bar 2246)
   Jennifer Gimler Brady (Del. Bar 2874)
   Hercules Plaza, Sixth Floor
   1313 North Market Street
   P. O. Box 951
   Wilmington, Delaware 19899-0951
   (302) 984-6000 - Telephone
   (302) 658-1192 - Facsimile
    *Attorneys for Plaintiff Pre Solutions, Inc.*

DATED: September 5, 2007

                HOWREY LLP

                By /s/ Michael L. Turrill
                   Michael L. Turrill
                   Michael L. Resch
                   550 South Hope Street
                   Suite 1100
                   Los Angeles, California 90071
                   (213) 892-1800 - Telephone
                   (213) 892-2300 - Facsimile
                      *Attorneys for Plaintiff Pre Solutions, Inc.*

DATED: September 5, 2007

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                By /s/ S. Mark Hurd
                   S. Mark Hurd (Del. Bar 3297)
                   John P. DiTomo (Del. Bar 4850)
                   1201 North Market Street
                   Wilmington, Delaware 19899-1347
                   (302) 658-9200 - Telephone
                      *Attorneys for Defendant Blackhawk Network, Inc. and Safeway, Inc.*

DATED: September 5, 2007

                PAUL, HASTINGS, JANOFSKY & WALKER LLP

                By /s/ John P. Phillips
                   John P. Phillips
                   Jason K. Sonoda
                   55 Second Street
                   Twenty-Fourth Floor
                   San Francisco, California 94105-3441
                   (415) 856-7000
                      *Attorneys for Defendant Blackhawk Network, Inc. and Safeway, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRE SOLUTIONS, INC., a Georgia corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>BLACKHAWK NETWORK, INC., formerly known as and doing business as BLACKHAWK MARKETING SERVICES, INC., an Arizona corporation; and SAFEWAY INC., a Delaware corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-241 (***)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

The parties having so stipulated, and GOOD CAUSE APPEARING THEREFOR, it is hereby ordered that the terms and agreements set forth in the Stipulated Protective Order above, shall be, and hereby are, adopted by this Court.

IT IS SO ORDERED.

Dated: _____

                                                              _____<br>
                                                              MAGISTRATE JUDGE OF THE UNITED<br>
                                                              STATES DISTRICT COURT

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRE SOLUTIONS, INC., a Georgia corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BLACKHAWK NETWORK, INC., formerly known as and doing business as BLACKHAWK MARKETING SERVICES, INC., an Arizona corporation; and SAFEWAY INC., a Delaware corporation,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-241 (***)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### UNDERTAKING RE: STIPULATED PROTECTIVE ORDER

#### UNDERTAKING OF *Name*

I, *Name*, hereby declare and state that:

1. I live at *Address* and work for *Employer*, located at *Employer Address*, where my position is *Position*.

2. I have carefully read and understood and agree to comply with and to be bound by all of the provisions of the Protective Order in the above captioned action signed by the Honorable _____, Magistrate Judge of the United States District Court on _____, ____.

3. I will not disclose any "Confidential" or "Highly Confidential" Information to anyone not qualified under the terms of the Protective Order to receive such information.

    4. I will not use any "Confidential" or "Highly Confidential" Information for any purpose other than for testifying or for assisting counsel in preparing for or conducting trial in this litigation.

    5. I will return (or destroy if permitted by the disclosing party) all "Confidential" and "Highly Confidential" Information in my possession to the outside counsel designating me to receive such materials upon request of such counsel or at the termination of this litigation.

    6. I submit to the jurisdiction of this Court for purposes of enforcement of the Protective Order and fully understand that violation of the Protective Order is punishable by contempt of Court.

    I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____             _____