IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRE SOLUTIONS, INC., a Georgia corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-241 (***) |
| BLACKHAWK NETWORK, INC., formerly known as and doing business as BLACKHAWK MARKETING SERVICES, INC., an Arizona corporation; and SAFEWAY, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

### NOTICE OF DEPOSITION
### TO DEFENDANT SAFEWAY, INC.

TO:   S. Mark Hurd (Del. Bar 3297)
      MORRIS NICHOLS ARSHT & TUNNELL LLP
      1201 North Market Street
      Wilmington, Delaware 19899-1347

      John P. Phillips
      Jason K. Sonoda
      PAUL, HASTINGS, JANOFSKY & WALKER LLP
      55 Second Street
      Twenty-Fourth Floor
      San Francisco, California 94105-3441

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Pre Solutions, Inc. ("Pre Solutions"), through their attorneys of record, will take the deposition of defendant Safeway, Inc. ("Safeway") by oral examination regarding the matters specified in Exhibit A attached hereto. The deposition will commence at 9:00 a.m. on February 7, 2008, at the offices of Howrey LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105. Pursuant to Rule 30(b)(6), Safeway is required to designate one or more officers, directors,

managing agents, or other persons who consent to testify on its behalf with respect to such matters.

The deposition(s) will be taken before a notary public, duly authorized to administer oaths and transcribe the testimony of the deponent(s) and will be videotaped. Plaintiffs may use LiveNote during the deposition(s). The deposition(s) may continue from day to day until completed.

OF COUNSEL:

Michael L. Turrill
Michael L. Resch
HOWREY LLP
550 S. Hope Street, Suite 1100
Los Angeles, CA 90071
(213) 892-1804 – Telephone
(213) 892-2300 – Facsimile

POTTER ANDERSON & CORROON LLP

By  /s/ Jennifer Gimler Brady
Richard L. Horwitz (Del. Bar 2246)
Jennifer Gimler Brady (Del. Bar. 2874)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
rhorwitz@potteranderson.com
jbrady@potteranderson.com

*Attorneys for Plaintiff Pre Solutions, Inc.*

Dated: January 18, 2008
843403v1 / 31061

2

## CERTIFICATE OF SERVICE

I, Jennifer Gimler Brady, hereby certify this 18TH day of January, 2008, that the foregoing **NOTICE OF DEPOSITION TO DEFENDANT SAFEWAY, INC.** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and two (2) true and correct copies thereof were mailed via First Class Mail, Postage Prepaid to the following:

> S. Mark Hurd (Del. Bar 3297)
> MORRIS NICHOLS ARSHT & TUNNELL LLP
> 1201 North Market Street
> Wilmington, Delaware 19899-1347
>
> John P. Phillips
> Jason K. Sonoda
> PAUL, HASTINGS, JANOFSKY & WALKER LLP
> 55 Second Street
> Twenty-Fourth Floor
> San Francisco, California 94105-3441

> Jennifer Gimler Brady (Del. Bar 2874)
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, Sixth Floor
> 1313 North Market Street
> P.O. Box 951
> Wilmington, DE  19899
> (302) 984-6000 - Telephone
> (302) 658-1192 - Facsimile
> jbrady@potteranderson.com

*Attorney for Plaintiff Pre Solutions, Inc.*

## EXHIBIT A

**I.    DEFINITIONS**

Unless otherwise expressly stated, the following definitions are applicable to each matter upon which examination is requested:

1. "PLAINTIFF" or "PRE" as used herein shall mean Plaintiff Pre Solutions, Inc., and any of its agents, representatives, attorneys, accountants, current and former employees or anyone acting or purporting to act on its behalf.

2. "INCOMM" as used herein shall mean PRE's ultimate parent company, Incomm Holdings, Inc.

3. "YOU," "YOUR," or "SAFEWAY" as used herein shall mean Defendant Safeway, Inc., and any of YOUR affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees, or anyone acting or purporting to act on YOUR behalf.

4. "BLACKHAWK" as used herein shall mean Defendant Blackhawk Marketing Services, Inc. and any of its affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees, or anyone acting or purporting to act on its behalf.

5. "DEFENDANTS" as used herein shall mean Defendants BLACKHAWK and SAFEWAY, collectively, and any of their affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees or anyone acting or purporting to act on their behalf.

6. The term "AGREEMENT" as used herein means the Master Pre-Paid Distribution and Service Agreement entered into on or about May 18, 2004.

1

7.  The terms "DOCUMENT" or "DOCUMENTS" as used herein, means "DOCUMENT" as defined in Rule 34 of the Federal Rules of Civil Procedure, and includes originals and all copies. "DOCUMENT" or "DOCUMENTS" include, without limitation, any written, drawn, printed, typed, recorded, transcribed, computerized, filmed or graphic material of any kind or character, however, and by whomever prepared, produced, reproduced or made, in any form, including, without limitation, letters, correspondence, telegrams, memoranda, records, minutes, contracts, agreements, leases, communications, microfilm, notes or notations of telephone or personal conversations or conferences, bulletins, circulars, pamphlets, studies, notices, summaries, reports, diaries, books, messages, instructions, work assignments, notebooks, drafts, data sheets, data compilations, work sheets, statistics, speeches and other writings, tapes, tape recordings, videotapes, videotape recordings, magnetic, photographic, electronic and sound recordings, videotapes, audiotapes, and email and other electronically stored information on computer files or computer disks that exist in a medium other than writing or printing. The term "DOCUMENT" shall mean the entire DOCUMENT including all attachments, cover letter, cover memoranda, and appendices and shall include each copy which is not identical to the original or to any other produced copy.

8.  The terms "RELATE," "RELATES," or "RELATING" as used herein are intended to be understood in the broadest sense, and shall include all information that refers to, evidences, substantiates, mentions, discusses, summarizes, describes, depicts, embodies, constitutes, supports or has any connection to or association with the subject matter of the request.

II.     **MATTERS UPON WHICH EXAMINATION IS REQUESTED**

**TOPIC 1**:

The negotiation and entry of the AGREEMENT.

**TOPIC 2**:

The implementation of the AGREEMENT.

**TOPIC 3**:

Any notice of price changes under the AGREEMENT YOU received.

**TOPIC 4**:

The termination of the AGREEMENT.

**TOPIC 5**:

Attempts to amend the AGREEMENT.

**TOPIC 6**:

Internal communications RELATED to the AGREEMENT.

**TOPIC 7:**

Communications with BLACKHAWK RELATED to the AGREEMENT.

**TOPIC 8:**

Communications with PRE RELATED to the AGREEMENT.

**TOPIC 9:**

The amounts owed by YOU under the AGREEMENT.

**TOPIC 10:**

The amounts owed by BLACKHAWK under the AGREEMENT.

**TOPIC 11:**

Payments made by YOU on behalf of BLACKHAWK under the AGREEMENT.

3

**TOPIC 12:**

YOUR failure to pay for products and services delivered by PRE for the weeks of May 14, 2006 and May 21, 2006.

**TOPIC 13:**

YOUR failure to pay amounts owed for certain Bi-Lo invoices, and any other invoice that YOU failed to pay.

**TOPIC 14:**

YOUR "short pay" of invoices to PRE throughout the lifetime of the AGREEMENT.

**TOPIC 15**:

The invoice dated November 17, 2005 from PRE in the amount of $261,800.82 and any internal and external communications RELATED thereto.

**TOPIC 16:**

PRE's claim that it is owed money for "Best in Class" Display Racks provided to DEFENDANTS.

**TOPIC 17:**

YOUR claim that YOU do not owe PRE for "Best in Class" Display Racks provided to DEFENDANTS, if YOU so contend.

**TOPIC 18:**

YOUR corporate structure, including but not limited to, YOUR relationship with BLACKHAWK.

**TOPIC 19:**

YOUR bank accounts, including but not limited to, any accounts shared with BLACKHAWK.

**TOPIC 20:**

YOUR corporate board meetings where issues RELATED to the AGREEMENT were discussed.

**TOPIC 21:**

Any financial transactions between YOU and BLACKHAWK, including but not limited to, transactions RELATED to the AGREEMENT.

**TOPIC 22:**

YOUR knowledge of the acquisition of PRE by INCOMM.

**TOPIC 23:**

Any internal or external communications RELATED to the acquisition of PRE by INCOMM.

**TOPIC 24:**

YOUR Answer to PRE's Complaint.

**TOPIC 25:**

YOUR responses to PRE's written discovery produced in this matter.

**TOPIC 26:**

YOUR DOCUMENT retention policies, including any "litigation hold" put in place in this matter.

**TOPIC 27:**

YOUR search for and production of DOCUMENTS in this matter.

**TOPIC 28:**

The DOCUMENTS exchanged by the parties RELATED to settlement discussions between the parties.