IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRE SOLUTIONS, INC. a Georgia corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 07-241 (***) ) ) JURY TRIAL DEMANDED |
| BLACKHAWK NETWORK, INC., formerly known as and doing business as BLACKHAWK MARKETING SERVICES, INC., an Arizona corporation; and SAFEWAY, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**NOTICE OF DEPOSITION
TO PLAINTIFF PRE SOLUTIONS, INC.**

TO:   Richard L. Horwitz
      Jennifer Gimler Brady
      Potter, Anderson & Corroon LLP
      Hercules Plaza, Sixth Floor
      1313 North Market Street
      P.O. Box 951
      Wilmington, Delaware  19899-0951

      Michael L. Turrill
      Michael L. Resch
      HOWREY LLP
      550 S. Hope Street, Suite 1100
      Los Angeles, CA  90071

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant Blackhawk Network, Inc. ("Blackhawk"), through its attorneys of record, will take the deposition of Plaintiff Pre Solutions, Inc. ("Pre Solutions") by oral examination regarding the matters specified in Exhibit A attached hereto.  The deposition will commence at 9:00 a.m. on February 20, 2008, at the offices of Paul, Hastings, Janofsky & Walker LLP, 55

Second Street, 24th Floor, San Francisco, CA 94105. Pursuant to Rule 30(b)(6), Pre Solutions is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to such matters.

The deposition(s) will be taken before a notary public, duly authorized to administer oaths and transcribe the testimony of the deponent(s) and will be videotaped. Plaintiffs may use LiveNote during the deposition(s). The deposition(s) may continue from day to day until completed.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
S. Mark Hurd (#3297)
John P. DiTomo (#4850)
1201 North Market Street
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendant Blackhawk Network, Inc.*

OF COUNSEL:

John P. Phillips
Jason K. Sonoda
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
(415) 856-7000

January 31, 2008

1445975

2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 31, 2008, copies of the foregoing NOTICE OF DEPOSITION TO PLAINTIFF PRE SOLUTIONS, INC. were electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz, Esquire
> Jennifer Gimler Brady, Esquire
> Michal L. Turrill, Esquire

I also certify that copies were caused to be served on January 31, 2008, upon the following in the manner indicated:

### BY HAND

> Richard L. Horwitz, Esquire
> Jennifer Gimler Brady, Esquire
> Potter, Anderson & Corroon LLP
> 1313 North Market Street
> Wilmington, DE 19801

### BY E-MAIL AND U.S. MAIL

> Michael L. Turrill, Esquire
> Howrey LLP
> 550 South Hope Street, Suite 1100
> Los Angeles, CA 90071
> TurrillM@howrey.com

*/s/ John P. DiTomo*

John P. DiTomo (#4850)

# EXHIBIT A

# EXHIBIT A

## I. DEFINITIONS

Unless otherwise expressly stated, the following definitions are applicable to each matter upon which examination is requested:

1. "YOU," "YOUR," or "PRESOLUTIONS" as used herein shall mean Plaintiff Pre Solutions, Inc., and any of its affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees, or anyone acting or purporting to act on its behalf.

2. "BLACKHAWK" as used herein shall mean Defendant Blackhawk Network, Inc., and any of its affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees, or anyone acting or purporting to act on its behalf.

3. "SAFEWAY" as used herein shall mean Defendant Safeway, Inc. and any of its affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees, or anyone acting or purporting to act on its behalf.

4. "DEFENDANTS" as used herein shall mean Defendants BLACKHAWK and SAFEWAY, collectively, and any of their affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees or anyone acting or purporting to act on their behalf.

5. The term "AGREEMENT" as used herein means the Master Pre-Paid Distribution and Service Agreement entered into on or about May 18, 2004.

6. The terms "DOCUMENT" or "DOCUMENTS" as used herein, means "DOCUMENT" as defined in Rule 34 of the Federal Rules of Civil Procedure, and includes originals and all copies. "DOCUMENT" or "DOCUMENTS" include, without limitation, any written, drawn, printed, typed, recorded, transcribed, computerized, filmed or graphic material of

any kind or character, however, and by whomever prepared, produced, reproduced or made, in any *form,* including, without limitation, letters, correspondence, telegrams, memoranda, records, minutes, contracts, agreements, leases, communications, microfilm, notes or notations of telephone or personal conversations or conferences, bulletins, circulars, pamphlets, studies, notices, summaries, reports, diaries, books, messages, instructions, work assignments, notebooks, drafts, data sheets, data compilations, work sheets, statistics, speeches and other writings, tapes, tape recordings, videotapes, videotape recordings, magnetic, photographic, electronic and sound recordings, videotapes, audiotapes, and email and other electronically stored information on computer files or computer disks that exist in a medium other than writing or printing. The term "DOCUMENT" shall mean the entire DOCUMENT including all attachments, cover letter, cover memoranda, and appendices and shall include each copy which is not identical to the original or to any other produced copy.

7.   The terms "RELATE," "RELATES," or "RELATING" as used herein are intended to be understood in the broadest sense, and shall include all information that refers to, evidences, substantiates, mentions, discusses, summarizes, describes, depicts, embodies, constitutes, supports or has any connection to or association with the subject matter of the request.

## II.   MATTERS UPON WHICH EXAMINATION IS REQUESTED

**TOPIC 1:**

The negotiation and entry of the AGREEMENT.

**TOPIC 2:**

The implementation of the AGREEMENT.

**TOPIC 3:**

Any notice of price or discount changes under the AGREEMENT that YOU claim to have sent to DEFENDANTS.

**TOPIC 4:**

The termination of the AGREEMENT.

**TOPIC 5:**

Attempts to amend the AGREEMENT, including without limitation Schedule A of the AGREEMENT.

**TOPIC 6:**

The amounts YOU contend are owed to YOU by BLACKHAWK under the AGREEMENT, including without limitation the amounts YOU contend are owed to YOU for products and service YOU contend were delivered for the weeks of May 14, 2006 and May 21, 2006.

**TOPIC 7:**

Any "short pay" (defined as payment of less than the full amount YOU contend was due) of invoices that YOU contend occurred throughout the lifetime of the AGREEMENT.

**TOPIC 8:**

The invoice YOU attached as Exhibit A to YOUR First Set of Interrogatories to Blackhawk Network, Inc., dated November 17, 2005 in the amount of $261,800.82 and any internal and external communications RELATED thereto.

**TOPIC 9:**

Credits on amounts allegedly owed by DEFENDANTS to YOU for the return or reversal of product sales made through Publix Supermarkets.

**TOPIC 10:**

YOUR claim that YOU are owed money for "Best in Class" Display Racks that you allegedly provided to DEFENDANTS.

**TOPIC 11:**

YOUR contention, as stated in paragraph 12 of YOUR complaint that "PRE is informed and believes that Blackhawk terminated the Agreement in an effort to interfere with the planned acquisition of PRE by InComm."

**TOPIC 12:**

YOUR contention that Blackhawk breached any provision of the AGREEMENT, including without limitation the covenant of good faith and fair dealing, other than YOUR contention that Blackhawk failed to pay amounts owed to YOU pursuant to the AGREEMENT.

**TOPIC 13:**

YOUR DOCUMENT retention policies, including any "litigation hold" put in place in this matter.

**TOPIC 14:**

YOUR search for and production of DOCUMENTS in this matter.