## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRE SOLUTIONS, INC. a Georgia corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 07-241 (***) ) ) JURY TRIAL DEMANDED |
| BLACKHAWK NETWORK, INC., formerly known as and doing business as BLACKHAWK MARKETING SERVICES, INC., an Arizona corporation; and SAFEWAY, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF DEPOSITION TO BILL HARDISON

TO:   Richard L. Horwitz
      Jennifer Gimler Brady
      Potter, Anderson & Corroon LLP
      Hercules Plaza, Sixth Floor
      1313 North Market Street
      P.O. Box 951
      Wilmington, Delaware  19899-0951

      Michael L. Turrill
      Michael L. Resch
      HOWREY LLP
      550 S. Hope Street, Suite 1100
      Los Angeles, CA  90071

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30, counsel for Defendant Blackhawk Network, Inc. ("Blackhawk"), will take the deposition, under oath, of Bill Hardison, commencing at 9:00 a.m. on March 3, 2008, or at a date and time to be agreed upon by the parties, and continuing thereafter from day to day until completed, at the offices of Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, 24th Floor, San Francisco,

CA 94105. You are required to produce at said deposition the documents described in Exhibit A attached hereto.

The deposition will be taken before a notary public, duly authorized to administer oaths and transcribe the testimony of the deponent and may be videotaped. Blackhawk may use LiveNote during the deposition.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                By: /s/ John P. DiTomo
                    S. Mark Hurd (#3297)
                    John P. DiTomo (#4850)
                    1201 North Market Street
                    Wilmington, DE 19899-1347
                    (302) 658-9200
                    *Attorneys for Defendant Blackhawk Network, Inc.*

OF COUNSEL:

John P. Phillips
Jason K. Sonoda
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, CA 94105-3441
(415) 856-7000

February 7, 2008
1483169

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on February 7, 2008, copies of the foregoing **NOTICE OF DEPOSITION TO BILL HARDISON** were electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz, Esquire
> Jennifer Gimler Brady, Esquire
> Michal L. Turrill, Esquire

I also certify that copies were caused to be served on February 7, 2008, upon the following in the manner indicated:

**BY HAND**

Richard L. Horwitz, Esquire
Jennifer Gimler Brady, Esquire
Potter, Anderson & Corroon LLP
1313 North Market Street
Wilmington, DE 19801

**BY E-MAIL AND U.S. MAIL**

Michael L. Turrill, Esquire
Howrey LLP
550 South Hope Street, Suite 1100
Los Angeles, CA  90071
TurrillM@howrey.com

*/s/ John P. DiTomo*
John P. DiTomo (#4850)

## **EXHIBIT A**

I.  **DEFINITIONS**

As used herein, the following terms shall have the following meanings:

1. The terms "DOCUMENT" and "DOCUMENTS" mean a writing and includes, without limitation, the original or a copy of all writings and recordings, in any language, including, but not limited to, material that is stored, compiled or organized by means of any electronic or mechanical device, such as handwriting, typewriting, printing, photostating, and includes, without limitation, originals, copies, drafts, all versions of documents, correspondence, papers, contracts, agreements, licenses, memoranda, reports, notes, including but not limited to electronic mail, and any other document prepared on a computer, messages, telegrams, telex communications, books, letters, photographs, pictures, analytical data, worksheets, diaries, calendars, or other physical objects.

2. The terms "PERSON" or "PERSONS" shall mean any natural person, corporation, partnership, joint venture, association, sole proprietorship, company, group, organization, trust, estate, business or governmental entity or agency (public or private), and any entity of any description that has a separate identity, recognized in law or in fact to have legal rights and obligations.  Any reference to a person that is not a natural person includes its present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person or entity, and also its parent companies, subsidiaries, affiliates, divisions, predecessors and successors–in–interest.

3. The terms "RELATE TO," "RELATING TO," or any variation thereof, shall mean and refer to comprising, constituting, embodying, containing, reflecting, supporting, memorializing, evidencing, setting forth, mentioning, concerning, discussing, describing, analyzing, reporting on, commenting on, identifying, stating, considering, dealing with, or pertaining to.

4. "PRESOLUTIONS" as used herein shall mean and include Plaintiff PreSolutions, Inc. and any of its affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees, or anyone acting or purporting to act on its behalf.

5. "BLACKHAWK" as used herein shall mean Defendant Blackhawk Network, Inc., and any of its affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees, or anyone acting or purporting to act on its behalf.

6. "SAFEWAY" as used herein shall mean Defendant Safeway, Inc. and any of its affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees, or anyone acting or purporting to act on its behalf.

7. "DEFENDANTS" as used herein shall mean Defendants BLACKHAWK and SAFEWAY, collectively, and any of their affiliates, parent companies, subsidiaries, agents, representatives, attorneys, accountants, current and former employees or anyone acting or purporting to act on their behalf.

8. As used herein, the words "AND" and "OR" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any documents that would otherwise not be brought within its scope.

9. The term "ANY" includes and encompasses "ALL" and the term "ALL" includes and encompasses "ANY."

10. The term "AGREEMENT" as used herein means the Master Pre-Paid Distribution and Service Agreement entered into on or about May 18, 2004.

II. **DOCUMENTS TO BE PRODUCED AT DEPOSITION**

1. All DOCUMENTS RELATED to the AGREEMENT, including but not limited to:

2

(A) All copies of the executed AGREEMENT, including all copies with any handwritten notes on them;

(B) All drafts of the AGREEMENT, including all copies with any handwritten notes on them;

(C) All correspondence or communications RELATING to the AGREEMENT;

(D) All notices of price increases or decreases made by any carrier or supplier of products subject to the AGREEMENT provided to DEFENDANTS by PRESOLUTIONS, as referenced in paragraph 1.2 of the AGREEMENT;

(E) All notices of increases or decreases of the discount provided to BLACKHAWK, made by PRESOLUTIONS or any carrier or supplier of products, for products provided to BLACKHAWK by PRESOLUTIONS pursuant to the AGREEMENT;

(F) All DOCUMENTS RELATED to any removal of a carrier and its product from the AGREEMENT as referenced in paragraph 1.2 of the AGREEMENT.

2. All DOCUMENTS RELATED to any price or discount, or proposed price or discount changes, for any products supplied pursuant to the AGREEMENT.

3. All DOCUMENTS RELATED to the termination of the AGREEMENT.

4. All DOCUMENTS RELATED to negotiations to amend the AGREEMENT.

5. All DOCUMENTS RELATED to Schedule A of the AGREEMENT.

6. All DOCUMENTS RELATED to the amounts PRESOLUTIONS contends are due from BLACKHAWK to PRESOLUTIONS under the AGREEMENT.

7. All DOCUMENTS RELATED to the Invoice dated November 17, 2005 in the amount of $261,800.82, attached to PRESOLUTIONS' First Set of Interrogatories to Blackhawk Network, Inc. as Exhibit A.

8. All DOCUMENTS RELATED to PRESOLUTIONS' financial statements for products subject to the AGREEMENT, including but not limited to, income statements, balance sheets, cash flow statements, and accounting notes.

9. All DOCUMENTS RELATED to the ordering of products under the AGREEMENT, including, but not limited to, purchase orders, sales agreement forms, purchase receipts, invoices, bills, rescheduling requests, redirecting requests, cancellation requests, discounts, returns and allowances, contracts and correspondence.

10. All DOCUMENTS RELATED to the shipping and distribution of products by PRESOLUTIONS subject to the AGREEMENT, including but not limited to, bills of lading, shipping documents, inventory reports, inter-company distribution reports and correspondence.

11. All DOCUMENTS necessary to fully and accurately discern unit sales for each product subject to the AGREEMENT, including but not limited to, sales volume reports, revenue reports, accounts receivable ledgers, returns and allowances ledgers, inventory reports, and correspondence.

12. All DOCUMENTS necessary to fully and accurately discern unit sales for each product subject to any agreement entered into between PRESOLUTIONS and BLACKHAWK or SAFEWAY, including but not limited to, sales volume reports, revenue reports, accounts receivable ledgers, returns and allowances ledgers, inventory reports, and correspondence.

13. All DOCUMENTS RELATED to the payment for products subject to the AGREEMENT, including but not limited to, canceled checks, check registers, wire transfers, bank statements, accounts payable ledgers, refunds and correspondence.

14. All DOCUMENTS RELATED to the payment for products subject to any agreement entered into between PRESOLUTIONS and BLACKHAWK or SAFEWAY, including but not limited to, canceled checks, check registers, wire transfers, bank statements, accounts payable ledgers, refunds and correspondence.

15. All DOCUMENTS RELATED to reversals or refunds for products subject to the AGREEMENT that were scanned, but not sold, through Publix Supermarkets.

16. All DOCUMENTS RELATED to any alleged "short pay" (defined as payment of less than the full amount PRESOLUTIONS contends was due) by DEFENDANTS that PRESOLUTIONS contends occurred during the AGREEMENT, including without limitation any alleged short pay RELATED to products sold through Bi-Lo stores or Brookshire stores.

17. All DOCUMENTS RELATED to the letter PRESOLUTIONS received from BLACKHAWK dated May 2, 2006, attached as Exhibit A to Blackhawk's First Set of Requests for Admission to Plaintiff, including without limitation PRESOLUTIONS' response to that letter, all internal and external communications RELATED to PRESOLUTIONS' response and all DOCUMENTS RELATED to offsets claimed by BLACKHAWK.

18. All DOCUMENTS RELATED to the letter PRESOLUTIONS received from BLACKHAWK dated May 11, 2006, attached as Exhibit B to Blackhawk's First Set of Requests for Admission to Plaintiff, including without limitation PRESOLUTIONS' response to that letter, all internal and external communications RELATED to PRESOLUTIONS' response and all DOCUMENTS RELATED to offsets claimed by BLACKHAWK.

19. All DOCUMENTS RELATED to PRESOLUTIONS' compliance with Section 1.12 of the AGREEMENT.

20. All DOCUMENTS RELATED to PRESOLUTIONS' compliance with the Gift Card Supply and Distribution Agreement, including without limitation PRESOLUTIONS' compliance with Sections 5, 8 and 11 of the Gift Card Supply and Distribution Agreement.